**COLANERO, Estate of, In Re.**

Ohio Appeals, Second District, Franklin County.

No. 3784. Decided March 24, 1949.

Connor & Connor, Charles E. Connor, of Counsel, J. Maxwell Maher, Columbus, for plaintiff-appellant.

Harry A. Clarke, John F. Cianflona, Michael A. Coughlin, Columbus, for appellee.

**OPINION**

By THE COURT.

This is a law appeal from the Probate Court of Franklin County, Ohio, seeking to set aside and vacate the order confirming the final account and discharging the administrator upon the ground of fraud.

The record discloses that the first and final account was filed on October 15, 1942; that the same was published as required by law and the account was confirmed on November 19, 1942, the estate settled and the fiduciary discharged. On March 24, 1943, a petition was filed to reopen the account, alleging fraud. Upon the issues drawn trial was had and the petition was dismissed for the reason that the plaintiff did not prove he had no knowledge of the facts complained of within time to file exceptions to the account. The Court further found from the evidence that the petitioner was present in court when the account was prepared and filed; that he had knowledge of the acts complained of within time in which to file exceptions in accord with §10506-37 GC, and that the determination became final. The Court was of the opinion, and we think properly so, that inasmuch as the petitioner had knowledge of the alleged fraudulent acts within time to file exceptions to the account, that he should have availed himself of the remedies which were available to him at the time; that since he had not done so, he is now precluded from maintaining the action upon the ground of fraud. Citing **Crawford, Admr. v. Ziegler, et al., 84 Oh St 224.** The appellant cites the case of **In re Stafford, 106 Oh St 253,** the facts of which we do not think are on all fours with the case at bar, the pertinent distinction being that there was nothing in the evidence in that case showing that the petitioner had knowledge of the alleged fraud in time to file exceptions to the account, as we have here. We are in accord with the legal principles set forth in the well considered opinion of Judge McClelland, and finding no error in the record the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 3784.   Decided May 2, 1949.

By THE COURT.

This is an application for a rehearing, and upon further consideration we are compelled to vacate our original finding and to hold that the trial court erred in restricting the testimony and evidence to the question whether the plaintiff-appellant had knowledge of the facts complained of within time to file exceptions to the account.   The right to file exceptions is the remedy that the statute confers upon the appellant upon the filing of the account.   However, §10506-40 GC, as it existed in 1943, at the time this proceeding was instituted, provided that the determination on the settlement of an account had the same force and effect as a judgment at law or decree in equity and was final as to all persons having notice of the hearing, except in certain instances therein set forth, one of which is paragraph (d), "in case of fraud or collusion". The third amended petition alleges that the petitioner did not discover the fraud set forth therein until more than thirty days after the approval of the final account, and that he was therefore unable to file exceptions thereto.   When fraud is alleged we do not think the statute requires an allegation as to when knowledge of the fraud was acquired with reference to the time of the filing of the account.   The allegation in the petition upon this fact was mere surplusage and immaterial.   When fraud or collusion is shown the court's approval is vacated and the account becomes subject to any appropriate exceptions if not barred by the Statute of Limitations.   **In re Estate of Stafford, 146 Oh St 253.**   The ruling of the trial court in the case at bar was a denial of the right the petitioner had to produce evidence to sustain a material allegation of the petition.   Even though the court was correct in the law applicable, and which we do not concede, the mere knowledge of the contents of the account presented would not infer knowledge of all the facts leading up to the final account. The trial court seemed to rely upon the case of **Crawford, Admr. v. Ziegler, 84 Oh St 224,** which we do not think supports the court's ruling.   In that case the court found that fraud had not been established and therefore in order to make an objection to the account exception would have to be taken within the statutory period allowed.   But in the case at bar no finding has been made upon the issue of fraud raised in the pleading. This must be done in order to have a determination of the rights of this petitioner.

The judgment is reversed and the cause is remanded for further proceedings according to law.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.